

# NAVAL ACADEMY ATHLETIC ASSOCIATION

| | |
|---|---|
| DATE: | January 5, 2026 |
| TO: | NCAA Membership Services |
| FROM: | Naval Academy Athletic Association |
| RE: | Reconsideration Memorandum – NCAA Eligibility Waiver (Seasons of Competition) Brock Murtha – Baseball |

## Case and Brief History

Brock Murtha is a student-athlete at the United States Naval Academy (the Academy) who seeks reconsideration of the NCAA's denial of his Season(s)-of-Competition waiver for the 2026 spring season. Murtha previously participated in intercollegiate baseball at the University of Notre Dame during the 2020-2021 season (six games; last appearance April 9, 2021) and redshirted the 2021-2022 season before transferring to the Naval Academy in 2022. After transfer, Murtha competed for Navy in the 2023-2025 seasons.

On March 28, 2025, the NCAA denied the Academy's initial waiver submission on the stated ground that Murtha "competed in a game past the halfway point" of Notre Dame's 2021 season. The Academy's compliance officer submitted the initial waiver on Murtha's behalf; that submission contained incorrect information about Murtha's role and game participation at Notre Dame. Murtha first learned of the denial on March 31, 2025, but was not given the denial statement from the NCAA or informed of the 30-day appeal window at that time. He did not receive copies of the NCAA decision documents until May 20, 2025. After review, Murtha discovered the inaccurate reporting in the initial submission and brought this to Academy compliance staff on August 28, 2025. Subsequent communications from compliance to the NCAA clarified Murtha's Notre Dame participation record; the NCAA incorporated the corrected information into the record and reflected it in the prior decision on or about September 16, 2025 at which time his request was again denied. Academy compliance staff has advised Murtha that it has no additional means to request another season of competition.

## Procedural History

- April 9, 2021: Last travel roster appearance at Notre Dame
- March 28, 2025: NCAA denies initial Season(s)-of-Competition waiver; stating athlete competed beyond the halfway point of the 2021 season.

- March 31, 2025: Murtha receives email notification of waiver denial from Academy compliance officer but no denial paperwork and no mention of 30-day appeal window.
- May 20, 2025: Murtha obtains the NCAA decision documents and discovers discrepancies between the Academy's waiver submission and the factual record.
- August 28, 2025: Murtha meets with compliance staff, Deputy AD, and head coach to address the inaccuracies; compliance obtains corrected participation records from Notre Dame.
- September 16, 2025: NCAA files or reflects corrected information in the record related to the initial waiver decision and again denies request for additional eligibility.

**"New Information" Standard**

Under NCAA procedures, a request for reconsideration based on "new information" requires presentation of material facts or evidence that were not reasonably available at the time of the original submission that could have affected the outcome. New information may include corrected or newly discovered documentary evidence, or evidence that demonstrates prior institutional error in the compilation or submission of the waiver request. Reconsideration is appropriate where the newly presented facts would likely change the NCAA's assessment of the athlete's eligibility under the governing standards.

The information underlying this reconsideration constitutes "new information" for three independent reasons. First, the initial waiver packet submitted by the Academy to the NCAA contained incorrect statements regarding Murtha's role (mischaracterizing him as a closer) and the date of his final game participation at Notre Dame. Those incorrect assertions were relied upon by the NCAA in denying the waiver. Second, critical documents and the NCAA denial information were not made available to Murtha at the time of the decision, and he was not advised of the NCAA's 30-day appeal window; consequently, the correct factual record was not available to the athlete or his counsel within the appeal period. Third, after the appeal window closed, Academy compliance obtained and transmitted corrected participation records from Notre Dame that materially change the NCAA's factual finding regarding whether Murtha competed past the halfway point of 2021 season. Because the corrected records were not available and were not transmitted to the athlete prior to the expiration of the NCAA appeal period, they plainly represent "new information" that was not reasonably available at the time the NCAA reached it original decision.

The new information comprises primary participation records and confirmations from the University of Notre Dame documenting the precise dates and nature of Murtha's game appearances in the 2020-2021 season. Specifically, the corrected records show that Murtha's last substantive participation occurred earlier in the season than the Academy's initial submission claimed and that he did not participate in competition beyond the halfway point of Notre Dame's schedule in 2021. The Academy's initial submission incorrectly characterized Murtha as a pitcher who "competed in a game late in the season" and implied ongoing roster activity; those assertions were factually

incorrect and were a central basis for the NCAA's original denial. Accurate documentary evidence now demonstrates that Murtha's participation falls within the parameters that the NCAA has historically treated as qualifying for a Season(s)-of-Competition waiver (i.e., limited early-season participation and absence from competition beyond the halfway point). In short, the corrected Notre Dame participation records, now part of the administrative record, are likely to potentially alter the NCAA's key factual finding and therefore would have materially affected the outcome of the initial waiver determination.

**But-For Institutional Error**

But for the Academy's failure to provide Murtha with the denial documents and notice of his 30-day appeal rights in a timely manner, Murtha would have exercised his right to appeal within the NCAA's prescribed timeframe. The Academy's compliance staff failed to provide the student-athlete with the documentation and appeal instructions required to preserve his procedural rights. That omission deprived Murtha of the opportunity to contest the denial promptly and to submit corrected documentary evidence within the appeal window. Given the corrected Notre Dame participation records and the NCAA's mistaken factual conclusion (that Murtha competed past the halfway point), a timely appeal would very likely have resulted in a different decision. Therefore, the institutional error directly prevented Murtha from pursuing a timely administrative remedy that could have yielded relief.

**Relief Requested**

On the basis of the newly available and material evidence described above, and the demonstrable institutional error that prevented timely appeal, Murtha requests the following relief from the NCAA:

- Reconsideration of the March 28, 2025 denial of the Season(s)-of-Competition waiver and full reopening of the matter for de novo review in light of the corrected Notre Dame participation records and related documentary evidence now on file.
- A determination, on the merits, that Murtha did not compete beyond the halfway point of Notre Dame's 2021 baseball season and that he is therefore eligible for the requested Season(s) of Competition waiver for the 2026 season.
- Expedited processing of this reconsideration request given the time-sensitive nature of the upcoming competitive season.
- Any additional relief the Committee deems just and appropriate under NCAA bylaws to remedy the prejudice caused by the Academy's procedural errors.

Murtha respectfully submits that the newly discovered and now-documented participation records from Notre Dame, together with the Academy's procedural failures that prevented a timely appeal, satisfy the NCAA's "new information" reconsideration standard. The corrected factual record directly undermines the factual basis for the March 28, 2025 denial and warrants reopening the matter and granting the requested eligibility relief.