UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| BROCK MURTHA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL COLLEGIATE ATHLETIC ) <br> ASSOCIATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:26-cv-00719-JRR |

**DEFENDANT NATIONAL COLLEGIATE ATHLETIC ASSOCIATION'S MEMORANDUM ON JURISDICTION-RELATED ISSUES IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendant National Collegiate Athletic Association ("NCAA"), by and through undersigned counsel, respectfully submits this memorandum in opposition to Plaintiff's Motion for Temporary Restraining Order (the "Motion"), in advance of the Motion hearing scheduled for March 5, 2026. During an off-record telephonic conference with the parties on February 27, 2026, this Court invited Defendant to file any jurisdiction-related briefing at the earliest practicable opportunity ahead of the hearing. Defendant thus submits this memorandum addressing the Court's lack of subject-matter jurisdiction over the dispute. Defendant intends to file a separate brief on March 4, 2026, setting forth the deficiencies in Plaintiff's merits arguments. But more immediately, and as explained below, the Court's lack of subject-matter jurisdiction warrants dismissal of Plaintiff's request for injunctive relief.

**I.     Legal Standard**

"Subject matter jurisdiction involves a court's power to hear a case; it may not be forfeited or waived." *Ihenachor v. Moore*, No. 1:23-CV-00455-JRR, 2023 WL 2351845, at *1 (D. Md. Mar.

3, 2023) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Federal Rule of Procedure 12(b)(1) places the burden of establishing subject-matter jurisdiction on the party asserting jurisdiction. *See Green v. Zuckerberg*, No. CV JRR-22-2824, 2023 WL 1070438, at *2 (D. Md. Jan. 27, 2023) (citation modified). "Under the well-pleaded complaint rule, the facts showing the existence of subject matter jurisdiction must be affirmatively alleged in the complaint." *Id.*; *see also McClelland v. Travelers Pers. Ins. Co.*, No. 1:24-CV-01509-JRR, 2024 WL 4644620, at *2 (D. Md. Oct. 30, 2024) ("The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." (citation modified)). If the court determines at any time that it lacks subject-matter jurisdiction, dismissal is required. Fed. R. Civ. P. 12(h)(3).

## II.     The Court Lacks Diversity Jurisdiction Over This Suit as Pleaded.

The Complaint alleges a single breach of contract action without any reference to whether state or federal law underpins this claim. Presumably, Plaintiff believes state law applies because the Complaint does not invoke federal-question jurisdiction pursuant to 28 U.S.C. § 1331. This is further reinforced by the Complaint's allegation that subject-matter jurisdiction in this case is based solely on diversity jurisdiction. *See* Compl ¶ 3.

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction must be "complete," meaning that "the citizenship of every plaintiff must be different from the citizenship of every defendant." *Green*, 2023 WL 1070438, at *2 (citation modified).

The Complaint states that "[t]his Court has subject matter jurisdiction over this dispute under Article III of the United States Constitution and 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of New York and Defendant is a citizen of the State of Indiana such that there

2

is complete diversity of citizenship between the parties[.]" Compl. ¶ 3.[1] But the Complaint also alleges (correctly) that the NCAA is an "unincorporated association" with more than "1,200 member colleges and universities" spread across the United States. *Id.* ¶ 2.

"Under Fourth Circuit law, an unincorporated association is a citizen of each state in which its members reside." *Erie Ins. Exch. v. Davenport Insulation, Inc.*, No. CIV. L-08-0033, 2009 WL 4782149, at *1 (D. Md. Dec. 8, 2009); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 569, 124 (2004); *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93–94 (4th Cir. 1983). The NCAA as an unincorporated association is therefore "a citizen of every state in which one of its members is a citizen," including Plaintiff's state of citizenship, New York.[2] *Parker v. Ctr. Grp. Ltd. P'ship*, 70 F.3d 1262 (4th Cir. 1995) (diversity jurisdiction lacking because National Hockey League is an unincorporated association with membership in plaintiff's state); *see also Est. of Mazza v. Nat'l Collegiate Athletic Ass'n*, No. CV 18-10028, 2018 WL 4208068, at *1 (D.N.J. Sept. 4, 2018) ("NCAA has many members in New Jersey, making NCAA a citizen of New Jersey, among other states. Because Plaintiffs are not diverse from Defendant NCAA, this court lacks subject matter jurisdiction." (citation modified)); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 470 n.5 (D.N.J. 1998) (holding plaintiff "does not allege complete diversity of citizenship such that the Court could exercise jurisdiction" because plaintiff "is a citizen of New Jersey and several members of the NCAA are also citizens of New Jersey").

---

[1] The Motion contains no mention of federal question jurisdiction. *See* ECF No. 3.

[2] The Court may take judicial notice of the fact that the NCAA has multiple members in the State of New York. *See Membership Directory*, NCAA, https://www.ncaa.org/sports/2021/5/3/membership-directory.aspx (last visited February 26, 2026) (listing ninety-three member schools in New York); *see also Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) ("A court may take judicial notice of information publicly announced on a party's web site, so long as the web site's authenticity is not in dispute and it is capable of accurate and ready determination.").

Since Plaintiff alleges diversity jurisdiction as the sole "jurisdictional basis for suit in federal court," *Petrovia v. Shellenberger*, No. CV JRR-23-1497, 2023 WL 4108279, at *1 (D. Md. June 21, 2023), and diversity is lacking, this action must be dismissed under Federal Rule of Civil Procedure 12(h)(3).[3]

Dated:  March 2, 2026

Respectfully submitted,

**FOLEY & LARDNER LLP**

/s/ *Jarren Ginsburg*

Jarren Neil Ginsburg, D. Md. Bar No. 19688
3000 K Street, Suite 600
Washington, DC 20007
Telephone: 202.295.4071
jginsburg@foley.com

Kate E. Gehl
kgehl@foley.com
Ellen A. Matheson
ematheson@foley.com
777 E. Wisconsin Ave
Milwaukee, WI 53202
Telephone: 414.297.5279
kgehl@foley.com

*Attorneys for National Collegiate Athletic Association*

---

[3] Plaintiff's Complaint also must be dismissed because it fails to plausibly allege a sum sufficient to satisfy the statutory requirement for the $75,000 threshold for an amount in controversy.  Other than a vague and conclusory allegation that "the amount in controversy exceeds $75,000" (Compl. ¶ 3), the Complaint fails to assign any quantifiable value to the alleged contract at issue or other injunctive relief sought or to any damages Plaintiff asserts he is entitled to recover.  For this independent reason, the Court should dismiss for lack of subject matter jurisdiction.